■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GREEN, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered December 20, 1991, which convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and operating a motor vehicle under the influence of alcohol, and

sentenced him, on the weapons count, to a definite term of imprisonment of six months as a condition of and to run concurrently with a term of probation of five years, and on the vehicular count, to run concurrently with the sentence imposed on the weapons count, a definite term of imprisonment of two months as a condition of and to run concurrently with a term of probation of three years and a fine of $350, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence on the weapons count to a term of probation of five years under intensive supervision with the condition that defendant complete such alcohol treatment as is required by the Probation Department and, on the vehicular count, to a term of probation of three years under the same conditions and a fine of $350, and otherwise affirmed.

At approximately 4:15 A.M. on June 26, 1991, defendant's car was stopped as he was making a wrong way turn onto Fifth Avenue from East 86th Street. After he was found to be intoxicated, defendant was arrested and searched, whereupon a loaded .25 caliber semi-automatic pistol in his shirt pocket was discovered. A breathalyzer test registered defendant's blood alcohol content at .23.

Defendant pled guilty upon the court's promise that it would under no circumstance sentence him to more than six months' imprisonment to be served concurrently with a sentence of five years on probation, and that, after hearing from the Probation Department and the parties, the court would consider sentencing him to a lesser term of imprisonment or simply to probation. The presentence reports prepared on defendant's behalf, which were based in part on defendant's presentence participation in the Probation Department's intensive supervision program, recommended that the court sentence him to probation under intensive supervision, with the special condition that he successfully complete his alcohol treatment program. Nevertheless, defendant was sentenced to six months in prison on the weapons count and a concurrent term of two months in prison on the vehicular count, to be served concurrently with terms of probation.

A number of factors lead to the conclusion that, in this case, the Probation Department's recommendation of probation under intensive supervision should be followed. First, defendant fully acknowledged that he had an alcohol addiction and, at the time he was sentenced, six months after his arrest, he had already demonstrated excellent progress in an alcohol therapy program, which he had initiated on his own immediately following his arrest. Second, he had also demonstrated

substantial success in his presentence participation in the Probation Department's intensive supervision program. Third, according to the undisputed statement of defendant's union attorney, defendant, who had been fired by his employer of 18 years after the prosecutor informed the employer that defendant would be sent to prison, would be eligible for reinstatement to that position if he remained on probation. Fourth, defendant played a vital role in the care of his brother, a paraplegic, and defendant's imprisonment would therefore work a very substantial hardship on his family. While we do not disagree with the court's evaluation of defendant's conviction of operating a motor vehicle under the influence of alcohol as a very serious offense, we find that these factors present compelling justification for mitigation of the penalty imposed for that conviction.

Moreover, as to the weapons count, defendant convincingly explained that his possession of a weapon was motivated solely by his desire for protection, as his employment, which involved responding to and repairing burglar alarms, necessitated frequent late night travel into situations of considerable danger. Although we emphasize unequivocally that this explanation does not excuse his possession of an unlicensed weapon, his reasons provide some basis for mitigation of the penalty imposed. Indeed, although the court imposed the most substantial sentence for the weapons count, it specifically noted at sentencing that, under the circumstances of this case, it considered the weapons count to be the less serious of the offenses of which defendant was convicted.

Under these circumstances, we find that the sentence of imprisonment imposed upon defendant was unduly harsh and, therefore, exercise the discretion provided to us in CPL 470.15 (2) (c); (6) (b) to modify his sentence to a term of probation under intensive supervision. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.